UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED MOHIDEEN, an individual,<br><br>　　　　　　Plaintiff,<br>v.<br>CALNET, INC., a Maryland corporation; KALEEM SHAH, an individual,<br><br>　　　　　　Defendants.<br><br>CALNET, INC., a Maryland corporation,<br>　　　　　　Counterclaimant,<br>v.<br>MOHAMMED MOHIDEEN, an individual,<br>　　　　　　Counterdefendant. | Civil No. 13cv799 MMA (NLS)<br><br>**ORDER DETERMINING JOINT DISCOVERY MOTION NO. 1 AND GRANTING PLAINTIFF'S MOTION TO COMPEL**<br><br>[Doc. No. 20] |

Plaintiff Mohammed Mohideen filed this employment action against defendants Calnet, Inc. and its founder and Chief Executive Officer, Kaleem Shah (collectively, Calnet). Calnet provides contract services for intelligence, languages, IT consulting, global aviation, and security to government and commercial clients. First Amended Complaint (FAC) ¶ 7. Mohideen alleges federal and state claims for retaliation and wrongful termination based on reporting workplace harassment, retaliatory employment practices and fraudulent government billing. Calnet counterclaims for computer fraud and abuse.

Mohideen served requests for production (RFPs) on Calnet. Responses to several of the RFPs are at issue. The two main contentions are whether Calnet may withhold discovery of business records on the basis of third-party privacy, and whether Calnet withheld responsive documents after saying that they would produce all responsive, non-privileged documents.

For the following reasons, the court determines the joint discovery motion and **GRANTS** Mohideen's motion to compel.

### A.     Relevance of the Documents Sought.

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (internal quotation omitted). Federal Rule of Civil Procedure 26(b)(1) offers guidance as to the scope of discovery permitted in an action:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule

26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, No. 07cv200 JM (PCL), 2009 WL 1390794 at * 1 (S.D. Cal. May 14, 2009) (internal citation omitted). Those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Mohideen offers that the documents sought here–which include employee complaints, sexual harassment reports, internal emails, employee disciplinary documents, Department of Defense investigations, and employee contracts–are relevant to his claims of retaliation and wrongful termination. The court agrees, as all appear reasonably calculated to lead to the discovery of admissible evidence. To try to meet its "heavy burden" and show why this discovery should be denied, Calnet argues that the documents are not relevant because, for example, with respect to Mohideen's FEHA claim, Calnet is "willing to stipulate that the question is *not* whether Plaintiff's alleged objections were unjustified. Rather, Defendants argue that any such objections played no role in any decision made by Defendants regarding Plaintiff's employment." Jt. Mtn., p.7.

If the court adopted Calnet's argument here, it would completely disregard Mohideen's allegations that Calnet engaged in wrongful employment practices. Calnet's offered "stipulation" essentially declares that they did not engage in retaliation or wrongful termination and terminated Mohideen for lawful reasons. In other words, they ask–without allowing any discovery on the issue–for an order declaring there was no retaliation or wrongful termination, which would terminate the claims in this case. Even if Calnet terminated Mohideen lawfully, Mohideen–based on his allegations–can still investigate whether Calnet's termination decision was a pretense to cover up retaliatory motives. The court finds that all the documents sought here are relevant to the claims and defenses in this case and are reasonably calculated to lead to the discovery of admissible evidence.

/ / /

**B.     Objections Based on Individual Privacy Rights.**

Calnet objects to RFP Nos. 11-12, 15-16, 19-23, 32-34 and 37 that seek various communications and business records, including employee complaints, sexual harassment reports, internal emails, employee disciplinary documents, Department of Defense investigations, and employee contracts. They argue that the documents are not discoverable because they are subject to third party personal privacy protections under the federal and state constitutions. They argue that Mohideen seeks "extraordinary relief" in trying to overcome the privacy protections afforded to this information. Mohideen agrees there are privacy interests but argues the court must balance his interests as a litigant with those of the third parties, considering the nature of the case, claims at issue and relative burdens imposed on each party.

In general, federal law regarding privilege applies to federal question cases. Fed. R. Evid. 501; *see Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1492 (9th Cir. 1989). In a diversity case, the federal court will apply the applicable state law to substantive issues of privilege. Fed. R. Evid. 501, *Star Editorial, Inc. V. U.S. Dist. Ct. for the Central Dist. of Cal.*, 7 F.3d 856, 859 (9th Cir. 1993). Where there are mixed federal and state law claims, as is the case here, the law of the forum state can inform the federal court of the applicable privileges. *See Pagano v. Oroville Hosp.*, 145 F.R.D. 683, 698-699 (E.D. Cal. 1993);[1] *see also Lewis v. U.S.*, 517 F.2d 236, 237 (9th Cir. 1975) (holding that absent a controlling statute a federal court may consider state privilege law in a federal question case).

---

[1] While some courts have disapproved the finding in *Pagano* that the state law should not inform the federal law on privilege as a matter of comity, several other Ninth Circuit district courts continue to uphold the decision. *Compare Folb v. Motion Picture Ind. Pension and Health Plans*, 16 F.Supp.2d 1164 (CD. Cal. 1998) (stating that the federal court should not look to the applicable state law as a matter of comity) *with Brooks v. County of San Joaquin*, 275 F.R.D. 528, 530 (E.D. Cal. 2011) (finding "that in mixed federal and state claim cases, although federal law is ultimately binding, state privilege law which is consistent with its federal equivalent significantly assists in applying privilege law to discovery disputes.") Further, courts routinely use the balancing test in *Pagano* to address privacy issues in discovery. *See, e.g., Bovarie v. Schwarzenegger*, 2011 WL 719206, 2011 U.S. Dist. LEXIS 17006 (S.D. Cal. 2011).

The California Constitution includes a right to privacy.[2] This right must be balanced with the historic state interest in "facilitating the ascertainment of truth in connection with legal proceedings." *Britt v. Superior Court (San Diego Unified Port District)*, 20 Cal.3d 844, 857 (1978) (internal quotations omitted). The privacy right is not absolute; it may be invaded depending on the circumstances. *Oakes v. Halversen Marine, Ltd.*, 179 F.R.D. 281, 284. If invasion of the privacy right is called for, the scope of the disclosure should be "narrowly circumscribed" and "is permitted only to the extent necessary to a fair resolution of the lawsuit." *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 605 (C.D. Cal. 1995) (internal quotations omitted).  The court must carefully balance the need for the discovery with the right to privacy. *Board of Trustees v. Superior Court (Dong)*, 119 Cal.App.3d 516, 525 (1981).

When applying California's privacy protections, a federal court must consider these factors:

> (1) the probable encroachment of the individual's privacy right . . . and the magnitude of that encroachment;
>
> (2) whether the encroachment of the privacy right would impact an area that has traditionally been off limits for most regulation;
>
> (3) whether the desired information is available from other sources with less encroachment of the privacy right;
>
> (4) the extent to which the exercise of the individual's privacy rights impinge on the rights of others; and
>
> (5) whether the interests of society at large encourage a need for the proposed encroachment.

*Pagano*, 145 F.R.D. at 698-699.

Here, given the existence of the protective order, there is a minimal encroachment of the privacy right because any sensitive information can be labeled "Confidential." Dkt. No. 17.  The business and employment records will not be shared beyond the purposes of the litigation.  If any confidential documents are filed in this case they will be

---

[2] Article 1, Section 1 of the California Constitution states that "[a]ll people are by nature free and independent and have inalienable rights.  Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

filed under seal. Under the protective order, there is no anticipated public disclosure of the information. This factor weighs in favor of disclosure.[3]

While employee and other business records are traditionally kept confidential, protective orders are routinely used in cases to exchange and protect confidential, proprietary, private, and trade secret information. Thus, this is not an area that has traditionally been "off limits." This second factor weighs in favor of disclosure.

Mohideen seeks employee complaints, sexual harassment reports, internal emails, employee disciplinary documents, Department of Defense investigations, and employee contracts, all related to Calnet. These items do not appear readily available from any other source, which favors their disclosure.

Mohideen alleges retaliation in violation of two state and two federal laws. He must prove that he engaged in protected activity under each act. To prove, for example that he had a reasonable belief that Calnet's actions violated the False Claims Act, he would need to show that a reasonable employee in the same or similar circumstances might believe the employer was committing fraud against the government. *Moore v. Cal. Inst. of Tech. JPL,* 275 F.3d 838, 845-846 (9th Cir. 2002). The request, then, for various business records goes to Mohideen's allegedly protected disclosures and whether he believed, in good faith, that Calnet's actions violated the law. Mohideen has a compelling need for Calnet's and the third-party employees' private information so that he can substantiate his claims. If Calnet does not disclose the private information of the third parties, Mohideen's rights as a litigant in this case will be severely impinged. Thus, the fourth factor weighs in favor of disclosure.

Likewise, the fifth factor favors disclosure here, as "[t]he discovery and admissibility of relevant truthful information is an individual right of the litigant, as well as a significant public interest." *Pagano*, 145 F.R.D. at 699. Further, "'[e]ven though the

---

[3]Calnet's reliance on *Bovarie v. Schwarzenegger* is inapposite here, because the court's holding in that case turned on whether the documents sought were relevant. The court found that the privacy concerns were further compelled by "the failure of Plaintiff to assert any relevance for the documents sought." 2011 WL 719206, 2011 U.S. Dist. LEXIS 17006.

inalienable right of privacy guaranteed by the California Constitution is a fundamental interest of our society, other state interests such as facilitating the ascertainment of truth pertaining to legal proceedings compete with this right.'" *Id.* (quoting *Binder v. Superior Court (Neufeld)*, 196 Cal. App. 3d 893, 900 (1987) (internal citation omitted). If Calnet could withhold its business records on the basis that they contained the private information of employees, then employees–and society as a whole–would not be encouraged to report such claims as Mohideen's, including workplace harassment, retaliatory employment practices and fraudulent government billing.

In sum, all the documents sought here are relevant and discoverable. Any privacy concerns are adequately addressed by the protective order.

### C.     Materials Not Included in Document Production.

In their responses to RFP nos. 6, 10, 18, 24-25 and 38-40, Calnet says they will produce all responsive, non-privileged documents. The documents requested include a job description for an employee, Mohideen's employment benefits, emails and text messages between Mohideen and Shah, emails related to Mohideen's access to the "test1 account" and policy, procedures and training for that account, Calnet's employee handbook, and Calnet's liability policy. Mohideen says that Calnet either failed to provide responsive documents or provided incomplete productions.

For example, on March 4, 2014, Mohideen sent Calnet a letter advising it and its executives to preserve "all writings, and particularly ESI, relating to Mr. Mohideen," and defined "writings" to include, among other things, emails and text messages. Jt. Mtn., pp.9-10. Calnet has produced no text messages and only a few emails. In response, Calnet says that to the extent documents are missing, Calnet offers "to further engage in the meet and confer process to discuss the scope of those documents sought by Plaintiff." Jt. Mtn., p.10-13.

/ / /
/ / /
/ / /

Based on the nature of the documents sought, their relevance to this lawsuit, the litigation hold letter, and the strong likelihood that a business would normally preserve this type of information, the court **ORDERS** that by **March 28, 2014,** Kaleem Shah shall file and serve on Mohideen a declaration, sworn to under oath, stating:

1. For each of the outstanding categories of information, a description of the files searched, such as whose email, hard drives, and computers were searched, and if there were any relevant computers or other sources not searched, why those items were not searched;
2. A list of the terms employed to do the searches;
3. A collection of all responsive documents found as a result of the renewed searches; and
4. If there are no responsive documents, an explanation of Calnet's document retention policy and how it can conduct its business without having a record of some of the documents requested, such as a job description for an employee, an employee handbook, etc.

### D. Joint Request to Continue Fact Discovery Cutoff.

For good cause shown, the court grants the joint request in part and extends the fact discovery cutoff from April 30, 2014 to **July 30, 2014**. This extension does not affect the expert discovery date of August 29, 2014, or any other date in the scheduling order.

**IT IS SO ORDERED.**

DATED: March 14, 2014

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court