# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED MOHIDEEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CALNET, INC., a Maryland corporation,<br><br>Defendants. | CASE NO. 13cv799-MMA (NLS)<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT;**<br><br>[Doc. No. 38]<br><br>**GRANTING MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>[Doc. Nos. 46, 50] |
| CALNET, INC., a Maryland corporation,<br><br>Counterclaimant,<br><br>v.<br><br>MOHAMMED MOHIDEEN, an individual,<br><br>Counter-Defendant. | |

Plaintiff Mohammed Mohideen brings this employment discrimination action against Defendant Calnet, Inc. ("Calnet"), alleging, *inter alia*, wrongful termination. [Doc. No. 5.] Calnet counterclaims for computer fraud and abuse. [Doc. No. 10.] Calnet

now moves for summary judgment on Mohideen's first and third causes of action. [Doc. No. 38.] For the reasons set forth below, the Court **DENIES** Calnet's motion.

## BACKGROUND[1]

Calnet is a privately-held Maryland corporation that provides intelligence, technology, and security services to the United States government. Kaleem Shah ("Shah") is the president and chief executive officer of Calnet. Mohideen is a former senior vice president of Calnet. Calnet fired Mohideen on May 10, 2011. As reflected by the claims brought in the FAC, it is disputed why Mohideen was fired from Calnet. Mohideen alleges it was because he uncovered fraud and other wrongdoing by Calnet. Calnet counterclaims that Mohideen unlawfully accessed Calnet's computer systems. In any event, Mohideen began work as vice president of operations at another contractor, American Systems Group, in August 2011. Mohideen brought this lawsuit against Shah and Calnet in April 2013.

On October 20, 2014, Shah and Calnet filed a motion for summary judgment as to Mohideen's first cause of action for retaliation in violation of California's Fair Employment and Housing Act ("FEHA"), third cause of action for wrongful termination in violation of public policy, and sixth cause of action for violation of California labor code section 1050. [Doc. No. 38.] On November 11, 2014, the Court granted the parties' joint motion to dismiss Mohideen's sixth cause of action, and terminated Shah as a party to this lawsuit. [Doc. No. 45.] Only Calnet's motion for summary adjudication of Mohideen's first and third causes of action remains.

## LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The purpose of summary judgment "is to isolate and dispose of factually

---

[1] These facts are not reasonably in dispute unless noted otherwise.

unsupported claims or defenses." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Id.* at 323. The evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987).

## DISCUSSION

### I. Motions to File Documents Under Seal

Mohideen moves the Court for leave to file under seal an unredacted copy of his opposition brief, separate statement of undisputed facts, and exhibits 20-37 in support of his opposition. [Doc. No. 46.] Mohideen has filed copies of his opposition and separate statement of undisputed facts on the public docket with information regarding his compensation and a confidential incident report redacted, pursuant to the Court's protective order. [*See* Doc. Nos. 17, 49.] The proposed exhibits contain confidential deposition transcripts and other documents also marked as confidential pursuant to the protective order. [Doc. No. 46.] Calnet moves the Court for leave to file an unredacted copy of its reply to Mohideen's separate statement of undisputed facts under seal. [Doc. No. 50.]

Upon due consideration of parties' motions and the protective order in this case, the Court **GRANTS** the motion and **ORDERS** that the above documents [Doc. Nos. 47, 48, 51] be filed under seal.

### II. Motion for Summary Judgment

Calnet moves for summary adjudication of Mohideen's first cause of action for retaliation under FEHA and third cause of action for wrongful termination in violation of public policy on grounds that Mohideen has no damages. [Doc. No. 38.] Mohideen does not allege non-economic damages in the FAC, and Calnet argues that Mohideen cannot

prove he suffered economic harm. [*Id.*] Mohideen opposes on grounds that proof of recoverable economic damages is not necessary to satisfy the "harm" element of his claims. [Doc. No. 49.]

Under California law, a claim for wrongful termination in violation of public policy requires: "(1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm." *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 154 (2014). To establish a prima facie claim for retaliation under California's FEHA, a plaintiff must show: "that he engaged in a protected activity, his employer subjected him to adverse employment action, and there is a causal link between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1146 (2005).

Calnet argues that Mohideen's claims fail because he "cannot prove the element of 'harm.'" [Doc. No. 38.] Calnet contends that this is so because "there is no evidence that [Mohideen] suffered any recoverable economic harm," Mohideen has not "pled a right to recover any emotional distress or other non-economic damages," and he "does not have a right to recover punitive damages or attorney's fees until he can establish a *prima facie* case for his claims." [Doc. No. 52.]

Calnet conflates the essential element of harm with the remedy of economic damages. A prayer for relief is not part of a cause of action. *See generally* 35A C.J.S. Federal Civil Procedure § 307 ("[T]he prayer of a complaint forms no part of the cause of action or claim, and while it may be considered to help determine the nature of the cause of action or claim and the relief to which the plaintiff is entitled, it is not controlling. … The relief a plaintiff seeks and the claims it asserts are conceptually distinct components of a complaint."); *see also*, *Kinnee v. Shack, Inc.*, 2008 WL 1995458, at *3 (D. Or. May 6, 2008) (noting "prayer for relief is no part of the cause of action and the parties are entitled to such relief as the pleadings make out") (quoting *Johnson v. Granquist*, 191 F.

Supp. 591, 591 (D. Or. 1961)); *United States v. Fallbrook Pub. Util. Dist.*, 101 F. Supp. 298, 301 (S.D. Cal. 1951) ("[U]ltimately the relief that a litigant is entitled to is the relief which the complaint sets forth, regardless of the prayer. That is why we say in California pleading the prayer is not part of the complaint."). Calnet cites no case law to support the proposition that damages are an essential element of Mohideen's claims for wrongful termination in violation of public policy or retaliation under FEHA. And indeed, there is no case law to suggest that Mohideen cannot satisfy the elements of harm in these claims just because he fails to plead non-economic damages.

The California Supreme Court first recognized the tort of wrongful termination in violation of public policy in *Tameny v. Atlantic Richfield Co.*, where it held that "an employer may not coerce compliance with … unlawful directions by discharging an employee who refuses to follow such an order." 610 P.2d 1330, 1337 (1980). It is apparent that in most cases, the element of harm is satisfied just by an employee's discharge from his or her position. *See Green v. Ralee Engineering Co.*, 960 P.2d 1046, 1048 (1998) ("[A]t-will employees may recover tort damages from their employers if they can show they were discharged in contravention of fundamental public policy."); *Haney v. Aramark Unif. Servs., Inc.*, 121 Cal. App. 4th 623, 643 (2004) (plaintiff's allegation that he was terminated for refusing to engage in fraud sufficient to state claim for wrongful termination in violation of public policy).

For claims under FEHA, the requirement of an adverse employment action is met when an employer discharges an employee "because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov't. Code § 12940(h); *see Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (noting termination constitutes adverse employment action).

Although Calnet argues that "Plaintiff concedes that he does not make a claim for emotional distress damages and is therefore not entitled to that type of non-monetary

relief," the type of damages Mohideen is seeking has no bearing on whether he can satisfy the elements of his claims. [Doc. No. 52.] As explained above, Mohideen's claims for wrongful termination in violation of public policy and retaliation under FEHA only require that Mohideen show harm, and harm in this context is established by Mohideen's having allegedly been wrongfully discharged. Damages are not an element of a claim for wrongful termination in violation of public policy or retaliation under FEHA. Even if damages were an element of Mohideen's claims, there are genuine issues of material fact as to the size of Mohideen's salary at Calnet when he was terminated, and whether he incurred economic damages during his brief period of unemployment. [Doc. No. 52-1.] These types of questions are the province of the jury, and not the proper subject of a motion for summary judgment.

## CONCLUSION

The only remaining issue raised by Calnet on this motion is whether Mohideen can show evidence of harm. The Court finds that he can, and that the issue of damages is for a jury to decide. Accordingly, Calnet's motion for summary judgment as to Mohideen's first and third causes of action is **DENIED**.[2]

**IT IS SO ORDERED.**

Dated: February 6, 2015

Hon. Michael M. Anello
United States District Judge

---

[2] As the Court need not look further than the FAC to resolve this motion, Mohideen's objections to Calnet exhibits 5, 6, and 7, and the parties' various objections to the proposed undisputed material facts, are **DENIED AS MOOT**.